Gabrielli, J.
(dissenting). In ruling that the Appellate Division’s unanimous determination is “ unsupportable ”, the majority is according that court, which was acting in an administrative capacity, a narrower range of discretion than normally is accorded an administrative agency. The test applied by a court exercising the administrative review function is whether a rational basis undergirds the determination appealed from. Section 495 of the Judiciary Law clearly gives the Appellate Division discretion to approve or not to approve organizations applying to practice law for benevolent or charitable purposes. *617 This is recognized in the majority’s Per Curiam statement which proceeds abruptly to the conclusion of unsupportability without advising as to how or why a rational basis is lacking.'
The Appellate Division has fully explained its determination in a detailed statement. The finding that the organization’s stated purposes ‘ ‘ are on their face neither benevolent nor charitable ’ ’ is fully supported in the record unless the operative words “benevolent” and “ charitable ” are to be accorded other than their well-understood meaning. In the last two paragraphs of its statement, the court has laid down the factor of financial inability to afford legal representation as at least one important guideline to be applied. The concurring opinion in this court makes much of the assertion that in a prior application invoking the Puerto Bican Legal Defense and Education Fund, Inc., the court’s approval was based solely on the charitable purpose of helping a minority ethnic group, not because of the members ’ indigency, but solely because of their minority status in the society. However, the Appellate Division in its. statement here appealed from noted there is no parallel since “ the latter’s [PBLDEF] application demonstrated clearly that indigence is rife amongst the intended clientele. It does not appear that discrimination against homosexuals, which undoubtedly exists, operates to deprive them of legal representation.” I am unable to see why that distinction is without effect, as must the rest of this court. And even assuming, without agreeing, that there is some measure of inconsistency between the determination in the Puerto Bican case and the one now before us, at least on the question of indigency as a criterion, we again find the Appellate Division accorded lesser powers by the majority than would be accorded any other administrative agency exercising discretionary and regulatory powers. The Appellate Division in regulating these matters has seen fit to draw some lines which are not without rational bases. The court is normally loath to interfere with agency regulation in areas delegated to the agency by the Legislature. Yet here the signatories to the concurring opinion have substituted their judgment in the matter for the judgment of those to whom the responsibility was delegated; and those subscribing to the Per Curiam statement, although remitting the case for reconsideration, seem to have given the court below very little to reconsider.
*618 The majority has, in effect, taken the regulatory function away from the Appellate Division in this case and for that reason I must dissent.
Judges Bbeitel, Jasen, Jones and ■ achtler concur in Per Curiam opinion; Judge Burke concurs in an opinion in which Chief Judge Fuld concurs; Judge Gabrielli dissents and votes to affirm in a separate opinion.
Order reversed, without costs, and matter remitted to the Appellate Division for further proceedings in accordance with the opinion herein.